# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE STEPHANIE MCDONALD,

    Debtor,

Bankruptcy Case Number
19-82756-CRJ-13

STEPHANIE MCDONALD,

    Plaintiff,

v.

Adversary Proceeding No.

ADVANCE AMERICA,

    Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Stephanie McDonald ("McDonald"), makes the following allegations in her complaint against the Defendant, Advance America ("Advance").

## Parties, Jurisdiction, and Nature of Action

1. McDonald is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on September 12, 2019. Advance is a corporation organized and existing under the laws of the State of Delaware. At all times material to this complaint, Advance regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. McDonald did business with Advance within this district and division, and it is these business transactions that give rise to this litigation.

2. Advance is listed as a creditor in the schedules filed by McDonald.

3. Despite having both notice and actual knowledge of the commencement of McDonald's case, Advance sent McDonald an email on April 18, 2020 in an effort to collect a pre-petition debt owed by McDonald to Advance. The email states: "We recently contacted you regarding a settlement offer and have yet to hear from you…. With this offer, your payoff balance will be $1193.30." The Plaintiff asserts that this letter is not for informational purposes, but has the sole intention of coercing payment from McDonald. There being no other reason to contact the debtor regarding an unsecured debt.

4. McDonald brings this action to recover the actual damages she has sustained as a result of the defendant's willful violation(s) of the automatic stay in this case and to recover punitive damages from the defendant for those violation(s).

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of McDonald's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between McDonald and Advance. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. McDonald incorporates by reference the allegations in paragraphs one through five of this complaint.

7. Advance is listed as a creditor in Schedule F of the bankruptcy case filed by McDonald.

8. As a result of Advance being listed as a creditor in the schedules filed by McDonald, the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in McDonald's bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of McDonald's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Advance from attempting to collect from McDonald any pre-petition obligation owed by McDonald to Advance.

10. Despite the imposition of the automatic stay by the commencement of this case and having both notice and actual knowledge of the commencement of this case, Advance contacted McDonald by email in an attempt to collect from her a pre-petition obligation owed by McDonald to Advance.

11. The actions of Advance violate 11 U.S.C. §362 as set forth in this complaint.

12. McDonald has sustained injury and damage as a result of the defendant's violation(s) of the automatic stay.

13. Advance's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), McDonald is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Advance for its willful and intentional violation(s) of the automatic stay. The letter is likely emblematic of a systematic abuse where this creditor has made a business decision that it is cheaper to violate the Stay than to abide by it.

15. McDonald was emotionally distressed as a direct and proximate result of the defendant's behavior.

**WHEREFORE**, McDonald asks this court to enter an order:

(A) Awarding McDonald compensatory damages against Advance including the reasonable attorney's fees and costs incurred by McDonald in the preparation and prosecution of this adversary proceeding;

(B) Awarding McDonald punitive damages against Advance for its willful and intentional violation(s) of the automatic stay, such damages being intended to instill in Advance and other creditors due respect for this court and its orders and to deter them from taking similar action against McDonald and similarly situated debtors in the future; and

(C) Granting McDonald any additional or different relief this court deems appropriate.

Dated: 04/21/2020                                   Respectfully submitted,

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff,
Stephanie McDonald

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com